IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN  DIVISION

DENNIS HUDSON,                        )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   CIVIL ACTION NO. 2:05-cv-623-DRB
                                      )    [wo]
JO ANNE B. BARNHART,                  )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
            Defendant.                )

## MEMORANDUM OPINION AND ORDER

Following administrative denial of his application  for  disability insurance benefits  under

Title II of the Social Security Act , 42 U.S.C. §§ 401 *et seq*., Dennis Hudson ("Hudson") received a

requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.

Because the Appeals Council rejected review,  the ALJ's decision became the final decision of the

Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C.

§ 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court concludes that the

Commissioner's decision should be reversed and remanded for further administrative proceedings.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot

conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v.*

*Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision

conclusive "if it is supported by substantial evidence and the correct legal standards were applied."

*Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422

(11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

 The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Hudson, age 39 at the time of the hearing, has a high school education.  Hudson  has not engaged in substantial gainful work activity since May 3, 2003, the alleged onset date of disability.  The ALJ determined that Hudson has lateral stenosis C4 through C6, cervical degenerative disc disease, cervical radiculopathy, mild bilateral carpal tunnel syndrome, lumbar radiculopathy, lumbar spondylosis, and lumbar stenosis.  Although he described these conditions as "severe" impairments,

after considering them individually and in combination, he concluded that they did not meet or

equal in severity any impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P. The ALJ

deemed not credible Hudson's allegations of pain and functional limitations. The ALJ determined

that he retained the residual functional capacity ("RFC") to perform his past relevant work.

Accordingly, the ALJ concluded that Hudson is not disabled.[1]

### III. ISSUES

Hudson specifies six issues for this judicial review:

1.  The ALJ failed to properly apply 20 C.F.R. §404.1527, Social Security Ruling 96.8p, and long-standing Eleventh Circuit Case law when he did not give controlling weight to the treating physician's opinion that Mr. Hudson is not able to work and that his condition is permanent. Had the correct legal standards been applied, the decision in this case would have been favorable.

2.  The ALJ erred by giving controlling weight to the opinion of a consultative examiner whose medical opinions are not supported by any medical evidence in the record.

3.  The ALJ erred by failing to consider and weigh medical evidence provided by pain management specialist Brad Katz, M.D., who treated Mr. Hudson from July 2003, through September 2, 2003.

4.  The ALJ failed to apply 20 C.F.R. §404.1527(d)(1)-(6) to medical evidence provided by consultative examiner Stanley Barnes, M.D.; the ALJ used erroneous criteria not grounded in law, regulations or Administrative policy.

5.  When weighing the medial opinions in this case, the ALJ failed to apply all of the criteria in 20 C.F.R. §404.1527(d)(1)-(6), and, in the application of the factor he did apply, the ALJ was inconsistent.

6.  The ALJ failed to fully and fairly develop the record. There are numerous references to Mr. Hudson's having depression. Yet the ALJ did not request a psychological evaluation to ascertain the extent to which depression may limit Mr. Hudson's ability

---

[1]R. 36-37. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

3

to work.[2]

Issues one through five challenge the ALJ's step-four consideration of medical source opinions in formulating Hudson's RFC. The final specified issue relates to the ALJ's assessment of the severity of Hudson's impairments at step two of the five-step sequential evaluation process.

## IV.   DISCUSSION

Pursuant to the evidentiary and legal analysis which follows, the court concludes that remand is warranted for the ALJ's failure to develop the record fully and fairly on the severity of Hudson's alleged mental impairment. Because this error at the second step of the sequential evaluation process taints the ALJ's assessment of Hudson's RFC for past relevant work or other work,[3] the court omits discussion on other specified issues, as they may require reconsideration in response to remand

---

[2]*See* Memorandum Brief in Support of Plaintiff's Complaint ("*Pl.'s Br.*") at 2 (Doc. 14, filed Oct. 24, 2005).

[3]In describing the sequential evaluation process for disability determinations, the court in *Davis v. Shalala*, 985 F. 2d 528, 532 (11th Cir. 1993) explained in relevant part:

> In sequential evaluation *step two, the Secretary determines whether a claimant has a "severe" impairment* or combination of impairments that causes more than a minimal limitation on a claimant's ability to function. *See* 20 C.F.R. §416.2( c ). ***If the Secretary finds, at step two, "a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."*** *See* 20 C.F.R. §416.923. In sequential evaluation *step three*, the Secretary determines *whether a claimant's impairment meets or equals a disability described in the Listing of Impairments* which describes impairments that are considered severe enough to prevent a person from doing any gainful activity. *See* 20 C.F.R. §§416.920(d), 416.925(a). Finally, in sequential evaluation *steps four and five, the Secretary makes an assessment of a claimant's residual functional capacity*, in light of a claimant's past work, experience, age, and education. *See* 20 C.F.R. §§416.920(e) and 416.920(f).(emphasis added).

evidence.[4]

## Necessity for Consultative Evaluation

Hudson specifies error in the ALJ's failure to develop the record on his alleged disabling depression.   Pointing to evidentiary facts, he contends that the ALJ should have ordered a mental consultative examination to inform the severity assessment and functional limitations of his mental impairment.[5]  The court agrees.

While a claimant has the burden of establishing a *prima facie* case of disability, it is axiomatic that the ALJ has a concomitant duty to develop the record fully and fairly, whether or not a claimant is represented by counsel. *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. Unit B July 1981). This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Ordering a consultative examination where one is necessary to make an informed decision is one means by which an ALJ discharges his duty to develop the record fully. *Reeves v. Heckler*, 734 F.2d 519, 522  n. 1 (11th Cir.

---

[4]Solely for the sake of guidance in evaluating these issues for any post-remand  review,  the court notes its concurrence with the Commissioner that with respect to the ALJ's failure to give controlling weight to Dr. Folashade's opinion that Hudson is unable to work (*Pl.'s Br.* at 9-10),  "the question of whether a claimant is disabled, that is, unable to work within the strictures of the Social Security Act, is reserved to the Commissioner, not to a physician." (*Def's. Br.* at 7 ).   Similarly, the ALJ is not duty bound to adopt, in whole, or in part, opinions on disabling limitations rendered by any medical source, including treating or examining doctors. *See Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997)(Assessment of RFC falls squarely within the ALJ's province, but it  must be based upon all relevant evidence of the claimant's ability to work despite impairments.); *see also*  SSR 96-5p("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.") That an ALJ may give more weight to opinions by a specialist about medical issues related to his speciality than to a source who is not a specialist is unquestioned.  *See* 20 C.F.R. §404.1527(d)(5).

[5]*Pl.'s Br.* at 16, citing R. 108, 167, 204.

1984) ; *see also* 20 C.F.R. § 404.1517 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests.").  Although it is within the ALJ's discretion to order a consultative examination where he determines one is warranted, "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Reeves*, 734 F.2d at 522 n.1.

Not only did Hudson indisputably ground his disability application in part on depression and "crying spells,"[6] his treating doctor's diagnosis of depression and  prescription  for anti-depressant medication bolstered the need for a consultative examination. In opposition, the Commissioner highlights Hudson's  lack of any "ongoing counseling or psychiatric treatment" and his exclusive reliance on an anti-depressant prescribed by his primary care doctor.  That is not the appropriate benchmark for ordering a consultative examination; the relevant precedent requires an ALJ to order a consultative psychological  examination if the combination of the claimant's testimony and the opinions of any treating physician indicates *the existence* of a mental impairment. *See McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988);  *Smith v. Bowen*, 792 F.2d 1547, 1551 (11th Cir.1986); *Sims v. Apfel* 2001 WL 303295, at *3 (S.D.Ala. March 14, 2001).

Because this  record suggests, at minimum, the existence of a mental impairment– *depression*– which could have a material impact on the disability decision, the ALJ should have informed his determination with an appropriate consultative examination. *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977). Accordingly,  remand is dictated so that the ALJ can fully and fairly develop the

---

[6]R. 72; R. 25.

record by ordering a psychological or psychiatric consultative examination.

### V.   CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, it is **ORDERED** that the decision of the Commissioner is **REVERSED**, and this cause is **REMANDED** pursuant to *sentence four* of 42 U.S.C. §405(g) for further proceedings to evaluate the severity of Hudson's mental impairment, by ordering a psychological or psychiatric consultative examination.


Done this 28th  day of August, 2006.


/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE